UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY LEWIS THOMAS,

        Plaintiff,

v.                               CASE NO.:  2:06-cv-10932
                               HONORABLE PATRICK J. DUGGAN

GLENDA MERRITT and
SHERRY SCOTT,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on May 30, 2006.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff Jimmy Lewis Thomas is a state prisoner incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan.  He has filed a motion for appointment of counsel and a *pro se* civil rights complaint under 42 U.S.C. § 1983.  Defendants are Glenda Merritt and Sherry Scott, court reporters in Detroit, Michigan.

In his complaint, Plaintiff alleges that Defendants erroneously reported the proceedings at his plea hearing in the Wayne County Circuit Court on May 13, 2004, and at his sentencing in the same court on July 13, 2004.  Plaintiff asserts in his motion for appointment of counsel that he is falsely imprisoned for two to four years due to Defendants' forgeries of his plea and sentencing transcripts.  Plaintiff claims that he is

innocent of the crimes for which he is incarcerated.  He seeks money damages and the termination of Defendants' employment.  He also wants the Court to suspend the prosecuting attorney and trial judge for allowing a fraud to be committed and for illegally sending him to prison.

Plaintiff has been granted leave to proceed without prepayment of fees and costs for this action.  When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, federal district courts must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001)(citing 28 U.S.C. §§ 1915(e)(2) and 1915A).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).  To successfully establish a *prima facie* case under Section 1983, the plaintiff must prove that the defendants acted under color of state law and deprived the plaintiff of rights secured by federal law.  *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981)).

In this lawsuit, Plaintiff is making an indirect attack on his conviction, sentence, and incarceration.  A civil rights action is not the proper avenue for a state prisoner to raise a constitutional challenge to the fact or length of his custody.  *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827, 1841 (1973).  Plaintiff "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or

2

impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S. Ct. 2364, 2373 (1994). "This 'favorable termination' requirement is necessary to prevent inmates from doing indirectly through damages actions what they could not do directly by seeking injunctive relief – challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute." *Nelson v. Campbell*, 541 U.S. 637, 646-47, 124 S. Ct. 2117, 2124 (2004)(citing *Muhammad v. Close*, 540 U.S. 749, 750-51, 124 S. Ct. 1303, 1304 (2004)). *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 1248 (2005)(emphasis in original).

Plaintiff's conviction and sentence have neither been overturned nor invalidated, and imposing sanctions for conduct allegedly leading to his false imprisonment would undermine Plaintiff's conviction and present confinement. Consequently, the Court concludes that his complaint is barred by *Heck* and other Supreme Court precedent. The Court therefore will deny as moot Plaintiff's motion for appointment of counsel. Finally, the Court believes that an appeal from this order would be frivolous as well and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir.

3

1997).

For the reasons set forth above,

**IT IS ORDERED**, that Plaintiff's complaint is **DISMISSED** pursuant to 28

U.S.C. §§ 1915(e)(2)(b) and 1915A(b);

**IT IS FURTHER ORDERED**, that Plaintiff's motion for appointment of counsel

is **DENIED AS MOOT**.


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copy to:
Jimmy L. Thomas, #371849
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI  49201-8877

4